**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

MICHAEL RAY STRINGER,        )
       )
       Plaintiff,    )
       )
v.        )     Case No. CIV-11-218-F
       )
MICHAEL J. ASTRUE,        )
COMMISSIONER OF THE SOCIAL   )
SECURITY ADMINISTRATION,    )
       )
       Defendant.   )

## REPORT AND RECOMMENDATION

Plaintiff, Mr. Michael Ray Stringer, seeks judicial review of a denial of supplemental security income benefits (SSI) by the Social Security Administration. This matter has been referred for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). It is recommended that the Commissioner's decision be affirmed.

## I. **Procedural Background**

Mr. Stringer protectively filed his application for SSI on May 24, 2007, alleging a disability onset date of June 12, 2004. Administrative Record [Doc. #12] (AR) at 83.[1] The Social Security Administration denied his application initially and on reconsideration. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. AR 9-17. The Appeals Council denied Mr. Stringer's request for review. AR 1-3. This appeal followed.

---

[1]The Administrative Law Judge stated in his decision that the protective filing date was May 11, 2007. AR 9. In view of the result of this appeal, the discrepancy is of no consequence.

## II.     The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fisher-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. The ALJ first determined that Mr. Stringer had not engaged in substantial gainful activity since the protective filing date. AR 11. At step two, the ALJ determined that Mr. Stringer has the following severe impairments: gastrointestinal disorder, back problems and affective mood disorders. AR 11. At step three, the ALJ found that Mr. Stringer's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 11.

The ALJ next determined Mr. Stringer's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.0567(b) and 416.967(b) except he is limited to occasional stooping and is limited to performing simple tasks and more complex tasks with routine supervision.

AR 12. At step four, the ALJ concluded that Mr. Stringer is unable to perform his past relevant work as truck driver or oil field mechanic. AR 16. At step five, the ALJ concluded that there are jobs existing in significant numbers in the national economy that Mr. Stringer could perform, including domestic and commercial chauffeur and housekeeping/cleaner. AR 17.

## III.     Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and

whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## IV.   Analysis

The sole issue raised on appeal by Mr. Stringer is that the ALJ erred in failing to discuss evidence in the form of medical records from the Mental Health and Substance Abuse Centers of Southern Oklahoma. The Commissioner contends that the ALJ's statement that he had "considered the complete medical history" should be credited, that the ALJ is not required to refer to every piece of evidence in the administrative record or to discuss every piece of evidence, and that the records in question are not inconsistent with the ALJ's findings. These points are well-taken.

In his decision, the ALJ stated that he had reached his RFC determination "[a]fter careful consideration of all the evidence."  AR 9.  An ALJ is not required to discuss every piece of evidence so long as the record demonstrates that he considered all of the evidence. *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996).  The Tenth Circuit generally finds the ALJ's decision adequate if it discusses the "uncontroverted evidence" the ALJ chooses not to rely upon and any "significantly probative evidence" the ALJ decides to reject.  *Id.* at 1010.  "Where, as here, the ALJ indicates he has considered all the evidence our practice is to take the ALJ at his word."  *Wall v. Astrue*, 561 F.3d 1048, 1070 (internal quotation marks and alteration omitted).

The medical records from Mental Health and Substance Abuse Centers of Southern Oklahoma are not extensive.  Mr. Stringer first requested mental health services on July 20, 2007, and a treatment plan was prepared on August 1, 2007.  AR 451-463.  He was diagnosed with major depression without psychotic features and generalized anxiety.  AR 462.  Problems in his mental processes, as identified in his intake assessment, included memory, cognitive process and concentration.  The practitioner assessed his Global Assessment of Functioning (GAF)[2] score at 50.[3] The practitioner found that Mr. Stringer was

---

[2]The GAF scale is used by clinicians to report an "individual's overall level of functioning." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 32 (Text Revision 4th ed. 2000).  A GAF of 41–50 indicates "[s]erious symptoms . . . OR any serious impairment in social[ or] occupational . . . functioning (e.g., no friends, unable to keep a job)."  *Id.* at 34 (bolding omitted).

[3]As the Tenth Circuit Court of Appeals has stated, an ALJ has a duty to consider GAF scores. As the Court further noted, however, "'there is a distinction between what an adjudicator must
(continued...)

unable to adjust to community or peer situations, but that his thoughts and expression were clear and consistent, that he had no problems of perception, that he was oriented to time, place, person and situation, that he was alert with adequate memory, that his intellectual ability was average, and that his insight, impulse control and readiness for change were good. AR 461.

The records indicate that Mr. Stringer continued to return to the Mental Health and Substance Abuse Centers of Southern Oklahoma for about a year, until June 18, 2008. AR 450-463; 512-518; 527-538. Mr. Stringer acknowledges that there is a gap in treatment records, between December 2007 and March 2008, when he did not make his appointments. Plaintiff's Brief at 5. On March 13, 2008, a new practitioner reviewed Mr. Stringer's treatment plan and assessed him with a GAF score of 49. AR 531. The practitioner described Mr. Stringer's prognosis as "fair if he continues to see physician, therapist and takes medication regularly." AR 534. The records of his subsequent contacts with the clinic reflect medication management reviews. AR 527-529.

On November 5, 2007, Cynthia Kampschaefer, PSYD, completed a Psychiatric Review Technique form in which she noted that Mr. Stringer has been diagnosed with major depression, recurrent, severe without psychotic features and generalized anxiety. AR 484-

---

[3](...continued)

consider and what the adjudicator must explain in the disability determination or decision.'" *Luttrell v. Astrue*, 2011 WL 6739432 (10th Cir. Dec. 23, 2011) (*citing* SSR 06–03p, 2006 WL 2329939 at *6). In this case, the GAF scores were not so probative or inconsistent with the ALJ's mental RFC determination that reversal is required. It is enough that "the discussion of the evidence in the . . . decision allows a . . . subsequent reviewer to follow the [ALJ's] reasoning." SSR 06-03p. 2006 WL 2329939 at *6.

496.  She also completed a Mental Residual Functional Capacity assessment in which she found Mr. Stringer to be moderately limited in the ability to understand and remember detailed instructions and the ability to carry out detailed instructions.  Dr. Kampschaefer's functional capacity assessment is as follows:

> Claimant is able to perform simple tasks and some more complex tasks with routine supervision.  He is able to relate appropriately to supervisors and coworkers in an incidental manner.  He is able to relate appropriately to the general public.

AR 500.

The ALJ's mental RFC determination – finding that Mr. Stringer is limited to performing simple tasks and more complex tasks with routine supervision – is therefore supported by substantial evidence in the record and is not inconsistent with the assessments made by the practitioners at the Mental Health and Substance Abuse Centers of Southern Oklahoma.  For these reasons, the ALJ's failure to discuss the limited information contained in the medical records from the Mental Health and Substance Abuse Centers of Southern Oklahoma does not require reversal.

## RECOMMENDATION

It is recommended that the Commissioner's final decision be affirmed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation.  *See* 28 U.S.C. § 636 and Fed.R.Civ.P.72.  Any such objections should be filed with the Clerk of the District Court by February __21st__, 2012.  The parties are

further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

### <u>STATUS OF REFERRAL</u>

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __30th__ day of January, 2012.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE